UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION, PENSION
AND WELFARE FUNDS,

                    Petitioners,

        -against-                          MEMORANDUM & ORDER
                                           15-CV-3820(JS)(GRB)
LILCO CONSTRUCTION, INC. and LILCO
CONSTRUCTION CORPORATION,

                    Respondents.
------------------------------------------X
APPEARANCES
For Petitioners:    Elina Burke, Esq.
                    Charles R. Virginia, Esq.
                    Nicole Marimon, Esq.
                    Virginia & Ambinder, LLP
                    40 Broad Street, 7th Floor
                    New York, NY 10004

For Respondents:    No appearance

SEYBERT, District Judge:

        Pending before the Court is Magistrate Judge Gary R.
Brown's Report and Recommendation ("R&R"), recommending that this
Court confirm the subject arbitration award, award Petitioners
interest, costs, and attorneys' fees, and compel Respondents and
their officers to make available all books and records necessary
for Petitioners to conduct an audit.  (R&R, Docket Entry 14.)  For
the following reasons, the Court ADOPTS Judge Brown's R&R in its
entirety.

BACKGROUND

This action was commenced on June 30, 2015, by petitioner Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" or the "Funds"). Petitioners, employer and employee trustees of multiemployer labor-management trust funds and a labor management cooperation committee, allege that respondents LILCO Construction Inc. and LILCO Construction Corporation (collectively, "Respondents") failed to make contributions to the Funds in contravention of a collective bargaining agreement (the "CBA"). (Am. Pet., Docket Entry 5, ¶¶ 4-5, 7-13.) Petitioners allege that arbitration was initiated pursuant to the CBA, and the arbitrator awarded Petitioners the sum of $146,465.71 (the "Award"). (Am. Pet. ¶¶ 16-18.) Petitioners aver that Respondents have "failed to abide by the Award." (Am. Pet. ¶ 19.)

On June 23, 2016, the undersigned referred Petitioner's Amended Petition to Confirm Arbitration Award (the "Amended Petition") to Judge Brown for an R&R on whether the Amended Petition should be granted. (Docket Entry 13.) On June 30, 2016, Judge Brown issued his R&R recommending that the Court: (1) confirm the Award; (2) award Petitioners judgment against Respondents in the sum of $146,465.71, along with (a) interest of 0.75% per month on delinquent contributions from the date of the Award through the

2

date of judgment, (b) interest on attorneys' fees incurred in connection with the arbitration at 10% per year from the date of the Award through the date of judgment, and (c) attorneys' fees and costs totaling $1,323.40; and (3) issue an Order compelling Respondents and its officers to make available to Petitioners or their authorized representatives all books and records that Petitioners deem necessary to conduct an audit.  (R&R at 3.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record."  Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).  Objections were due within fourteen days of service of the R&R.

The time for filing objections has expired, and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.  Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's R&R (Docket Entry 14) is ADOPTED in its entirety.  The Award is CONFIRMED and Petitioners are awarded:

3

(1) judgment against Respondents in the sum of $146,465.71;
(2) interest of 0.75% per month on delinquent contributions from
the date of the Award through the date of judgment; (3) interest
on attorneys' fees incurred in connection with the arbitration at
10% per year from the date of the Award through the date of
judgment; and (4) attorneys' fees and costs totaling $1,323.40.
Respondents are directed to make available to Petitioners or their
authorized representatives all books and records that Petitioners
deem necessary to conduct an audit within ninety (90) days of the
date of this Memorandum and Order.

Petitioners are directed to serve a copy of this
Memorandum and Order on Respondents and file proof of service on
ECF.  The Clerk of the Court is directed to enter judgment
accordingly and mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October   24  , 2016
          Central Islip, New York